ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN K. GRANT (169813)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
jgrant@rgrdlaw.com
      – and –
DARREN J. ROBBINS (168593)
BRIAN O. O'MARA (229737)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
bomara@rgrdlaw.com

ROBBINS UMEDA LLP
BRIAN J. ROBBINS (190264)
CRAIG W. SMITH (164886)
SHANE P. SANDERS (237146)
600 B Street, Suite 1900
San Diego, CA  92101
Telephone:  619/525-3990
619/525-3991 (fax)
brobbins@robbinsumeda.com
csmith@robbinsumeda.com
ssanders@robbinsumeda.com

[Proposed] Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WESTFIELD RETIREMENT BOARD, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>HECKMANN CORPORATION, et al.,<br><br>　　　　　　　Defendants. | No. CV10-03852-GW(AGRx)<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF THE HEK INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>DATE:　　　　August 5, 2010<br>TIME:　　　　8:30 a.m.<br>COURTROOM:　10<br>JUDGE:　　　Hon. George H. Wu |

571152_1

**TABLE OF CONTENTS**

**Page**

I. STATEMENT OF THE MATTER BEFORE THE COURT ......................... 1

II. SUMMARY OF ARGUMENT ................................................................. 2

III. STATEMENT OF FACTS ........................................................................ 2

IV. ARGUMENT ............................................................................................ 3

    A. The HEK Investor Group Satisfies the "Lead Plaintiff" Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff ..................................................................................... 3

        1. The HEK Investor Group Has Timely Moved for Appointment as Lead Plaintiff ............................................... 5

        2. The HEK Investor Group Has the Requisite Financial Interest in the Relief Sought by the Class ............................... 5

        3. The HEK Investor Group Satisfies the Requirements of Rule 23 ................................................................................. 5

    B. The HEK Investor Group's Selection of Lead Counsel Should Be Approved ................................................................................... 7

V. CONCLUSION ........................................................................................ 8

Class members Maryland Electrical Industry Pension Fund and GJD Holdings, LLC ("HEK Investor Group" or "Movant") respectfully submit this memorandum of law in support of the HEK Investor Group's motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of his selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Robbins Umeda LLP ("Robbins Umeda") as lead counsel for the class.[1]

## I. STATEMENT OF THE MATTER BEFORE THE COURT

Presently pending in this district is a securities class action lawsuit brought on behalf of: (1) purchasers of Heckmann Corporation ("Heckmann" or the "Company") common stock during the period between May 20, 2008 and May 8, 2009, inclusive (the "Class Period"); and (2) all persons or entities who held shares of Heckmann common stock on September 15, 2008 and were eligible to vote at the Company's special meeting held on October 30, 2008 with respect to the Company's acquisition of China Water and Drinks, Inc. ("China Water") (the "Merger").

This action is brought pursuant to §§10(b) and 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") 15 U.S.C. §§78j(b) and 78n(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R §240.10b-5 and Rule 14a-9, 17 C.F.R §240.14a-9.

---

[1] The HEK Investor Group also filed motion papers in the first filed action pending in the District of Delaware styled *Gielata v. Heckmann, et al.*, Civ. No. 1:10-cv-00378-JJF-MPT, filed May 6, 2010. *See* 15 U.S.C. 78u-4(a)(3)(B)(i) (providing that "the court shall consider any motion made by a purported class member in response to the notice" of the first-filed action) (emphasis added). *See also* 15 U.S.C. 78u-4(a)(3)(A)(ii) (providing that "[i]f more than one action . . . is filed, only the plaintiff . . . in the first filed action shall be required to cause notice to be published"). Given the substantial similarities between the first-filed *Gielata* action and the above-captioned matter, and because the Company and the majority of documents are located in this District, the HEK Investor Group respectfully submits that the *Gielata* action should be consolidated with the instant action. *See* 15 U.S.C. 78u-4(a)(3)(B)(ii).

- 1 -

571152_1

## II. SUMMARY OF ARGUMENT

The PSLRA sets forth the manner by which courts are to select a lead plaintiff. Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the HEK Investor Group should be appointed as lead plaintiff because: (1) it timely filed for appointment as lead plaintiff; (2) to the best of its knowledge, the HEK Investor Group has the largest financial interest in this litigation; and (3) it will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* §IV.B, *infra*. Additionally, the HEK Investor Group has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff," the HEK Investor Group's selection of Robbins Geller and Robbins Umeda as lead counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## III. STATEMENT OF FACTS

Heckmann is a Delaware corporation headquartered in Palm Desert, California, which was created to buy operating businesses, primarily in the water sector.

On May 20, 2008, Heckmann announced that it had struck a deal to acquire China Water, for an aggregate purchase price of $625 million. In order to consummate the Merger, defendants issued a Joint Proxy and Information Statement/Prospectus on October 2, 2008 (the "Joint Proxy") which solicited the approval of Heckmann's stockholders.

The Joint Proxy contained material misstatements and omitted material information and did not fairly and accurately disclose the risks and liabilities that the Company and its shareholders would assume in the event Heckmann acquired China Water. In particular, defendants recommended that shareholders approve the transaction because China Water was as an attractive acquisition target that would provide Heckmann stockholders "with an opportunity to merge with, and participate

- 2 -

in, a company with significant growth potential." In support of this recommendation, the Joint Proxy contained detailed reported, pro forma and projected financial data for Heckmann and China Water. Defendants claimed that this financial data was the product of Heckmann's "extensive due diligence review of China Water and its business and operations." These statements were materially misleading and omitted material information regarding the actual value of China Water's assets and its financial condition, as well as the adequacy of defendants' due diligence.

As a result of the material misstatements and omissions in the Joint Proxy, which was prepared and approved by defendants, Heckmann shareholders overwhelmingly approved the Merger at an October 30, 2008 special stockholders' meeting.

Then, on May 8, 2009, the Company announced its financial results for the first fiscal quarter of 2009, including a net loss for the quarter of $186.2 million and a $184 million impairment charge. The release also reported that the Company had discovered "financial misconduct and the diversion of cash deposits by former management of China Water." On this news, and as revelations in the ensuing months continued to demonstrate the false and misleading nature of the information defendants provided to shareholders concerning the Merger and China Water, Heckmann's stock price declined from more than $10 per share shortly after the Merger was announced to a low of $3.38 per share in July 2009 after the truth was revealed.

**IV.   ARGUMENT**

    **A.   The HEK Investor Group Satisfies the "Lead Plaintiff" Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure that governs the appointment of a lead plaintiff in each private action arising under the Exchange Act that is brought as a

plaintiff class action pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(1)-(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the relevant notice was published on *PRNewswire* on May 6, 2010.[2]  *See* Declaration of Brian O. O'Mara in Support of the HEK Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("O'Mara Decl."), Ex. A.  Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is "the person or group of persons" that –

>   (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

---

[2] The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'"  *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996) (citation omitted); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997).

- 4 -

571152_1

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1. The HEK Investor Group Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by July 6, 2010. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on May 6, 2010), the HEK Investor Group timely hereby moves this Court to be appointed lead plaintiff on behalf of all members of the class. The members of the HEK Investor Group have also duly signed and filed a certification stating their willingness to serve as a representative party on behalf of the class. *See* O'Mara Decl., Ex. B.

### 2. The HEK Investor Group Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, the HEK Investor Group suffered losses of over $332,000 based on its Class Period purchases of Heckmann stock. *See* O'Mara Decl., Exs. B, C. Additionally, the HEK Investor Group held 42,500 shares of Heckmann common stock on September 15, 2008, and was entitled to vote such shares with respect to the Merger. To the HEK Investor Group's knowledge, its financial interest in this matter is the largest of any competing lead plaintiff movant. As a result, the HEK Investor Group should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B).

### 3. The HEK Investor Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

- 5 -

571152_1

1  Procedure." Rule 23(a) provides that a party may serve as a class representative only
2  if the following four requirements are satisfied: (1) the class is so numerous that
3  joinder of all members is impracticable; (2) there are questions of law or fact common
4  to the class; (3) the claims or defenses of the representative parties are typical of the
5  claims or defenses of the class; and (4) the representative parties will fairly and
6  adequately protect the interests of the class. Of these four prerequisites, only two –
7  typicality and adequacy – directly address the personal characteristics of the lead
8  plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should
9  limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer
10 examination of the remaining requirements until a class certification motion is filed.
11 *Apple v. LJ Int'l, Inc.*, No. CV 07-6076 GAF(JWJx), Feb. 8, 2008 U.S. Dist. LEXIS
12 12618, at *16 (C.D. Cal. Feb. 8, 2008) ("At this stage of the litigation, 'nothing more
13 than a preliminary showing is required' with respect to typicality and adequacy.")
14 (citation omitted).

15       The test of typicality "'is whether other members have the same or similar
16 injury, whether the action is based on conduct which is not unique to the named
17 plaintiffs, and whether other class members have been injured by the same course of
18 conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation
19 omitted). The adequacy requirement is met if no conflicts exist between the
20 representative and class interests and the representative's attorneys are qualified,
21 experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4);
22 *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

23       The HEK Investor Group satisfies the typicality requirement of Fed. R. Civ. P.
24 23 because, just like all other class members, it: (1) purchased Heckmann securities
25 during the Class Period at artificially inflated prices; and (2) suffered damages
26 thereby. Additionally, like other members of the class, the HEK Investor Group held
27 shares of Heckmann common stock on September 15, 2008 and was eligible to vote
28 those shares on the Merger. Thus, the HEK Investor Group's claims are typical of

- 6 -

571152_1

those of other class members because its claims and the claims of other class members arise out of the same course of events.

Similarly, the HEK Investor Group is an adequate class representative because its interest in aggressively pursuing the claims against defendants is clearly aligned with the interests of the members of the class, who were similarly harmed as a result of defendants' false and misleading statements to the market. There is no antagonism between the HEK Investor Group's interests and those of the other members of the class. Further, the HEK Investor Group's certifications and the Joint Declaration in Support of the HEK Investor Group's Motion for Appointment as Lead Plaintiff ("Joint Declaration") demonstrate the HEK Investor Group's ability, incentive and commitment to vigorously prosecute this action. O'Mara Decl., Ex. D. Moreover, the HEK Investor Group, comprised of sophisticated investors with a significant stake in the outcome of this litigation, are the very sort of lead plaintiff envisioned by Congress in enacting the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995) *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."). *See also* O'Mara Decl., Exs. B, D.

Finally, and as demonstrated below, the HEK Investor Group's proposed counsel is highly qualified, experienced and able to conduct this complex litigation in an efficient, effective and professional manner. Thus, the HEK Investor Group satisfies Rule 23's typicality and adequacy requirements for the purposes of this Motion.

### B. The HEK Investor Group's Selection of Lead Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the HEK Investor Group, as the presumptively most adequate plaintiff,

- 7 -

571152_1

1  has selected Robbins Geller and Robbins Umeda to serve as lead counsel for the class.
2  Robbins Geller possesses extensive experience litigating securities class actions and
3  has successfully prosecuted numerous securities fraud class actions on behalf of
4  injured investors.  *See* O'Mara Decl., Ex. F.  Robbins Umeda also has significant
5  shareholder litigation experience.  *Id*., Ex. E.  As a result, the Court should approve
6  the HEK Investor Group's selection of Robbins Geller and Robbins Umeda as lead
7  counsel for the class.

## V. CONCLUSION

For the foregoing reasons, the Court should appoint the HEK Investor Group as Lead Plaintiff and approve its selection of Robbins Geller and Robbins Umeda as Lead Counsel for the class.

DATED:  July 6, 2010						Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
BRIAN O. O'MARA


              s/ BRIAN O. O'MARA
              BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

- 8 -

571152_1

|   |   |
|---|---|
| 1 |   |
| 2 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>JOHN K. GRANT<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415/288-4545<br>415/288-4534 (fax) |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 | ROBBINS UMEDA LLP<br>BRIAN J. ROBBINS<br>CRAIG W. SMITH<br>SHANE P. SANDERS<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/525-3990<br>619/525-3991 (fax) |
| 7 |   |
| 8 |   |
| 9 |   |
| 10 | [Proposed] Lead Counsel for Plaintiffs |

571152_1

- 9 -

CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

Robert W. Brownlie
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297

Geoffrey G. Grivner
Daniel A. Dreisbach
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Sharan Nirmul
D. Seamus Kaskela
Barroway Topaz Kessler Meltzer
 & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Joel Friedlander
Sean Brennecke
Bouchard Margules & Friedlander
222 Delaware Avenue, Suite 1102
Wilmington, DE 19801

Norman M. Monhait
P. Bradford deLeeuw
Rosenthal, Monhait & Goddess, P.A.
Mellon Bank Center, Suite 1401
Wilmington, DE 19899

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 6, 2010.

  s/ BRIAN O. O'MARA
  BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: bomara@rgrdlaw.com

571152_1

# Mailing Information for a Case 2:10-cv-03852-GW -AGR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John K Grant**
  jgrant@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Brian J Robbins**
  notice@robbinsumeda.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Shane P Sanders**
  ssanders@robbinsumeda.com

- **Craig Wallace Smith**
  csmith@robbinsumeda.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)