1  BARROWAY TOPAZ KESSLER
   MELTZER & CHECK, LLP
2  Ramzi Abadou (222567)
   rabadou@btkmc.com
3  Nichole Browning (251937)
   nbrowning@btkmc.com
4  Stacey Kaplan (241989)
   skaplan@btkmc.com
5  Erik D. Peterson (257098)
   epeterson@btkmc.com
6  580 California Street, Suite 1750
   San Francisco, CA 94104
7  Telephone: (415) 400-3000
   Facsimile: (415) 400-3001
8
9  *[Proposed] Lead Counsel*
   *Additional counsel on signature page*
10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13                   **WESTERN DIVISION**

14  WESTFIELD RETIREMENT              ) No. 10-cv-03852-GW (AGRx)
    BOARD, Individually and on        )
15  Behalf of All Others Similarly    ) <u>CLASS ACTION</u>
    Situated,                         )
16                                    ) NOTICE OF MOTION AND
                                      ) MOTION OF MATTHEW
17                  Plaintiff,        ) HABERKORN FOR
                                      ) APPOINTMENT AS LEAD
18        v.                          ) PLAINTIFF AND APPROVAL OF
                                      ) HIS SELECTION OF LEAD
19  HECKMANN CORPORATION,             ) COUNSEL; MEMORANDUM OF
    RICHARD J. HECKMANN, LOU L.       ) POINTS AND AUTHORITIES IN
20  HOLTZ, JAMES DANFORTH             ) SUPPORT THEREOF
    QUAYLE, ALRED E. OSBOURNE,        )
21  JR., DONALD G. EZZELL and XU      )
    HONG BIN,                         ) DATE:      August 9, 2010
22                                    ) TIME:      8:30 a.m.
                   Defendants.        ) ROOM:      10
23                                    ) JUDGE:     Hon. George H. Wu
                                      )
24                                    )
                                      )
25                                    )
                                      )
26                                    )

27

28

1978691.1

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on August 9, 2010, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10, of the Honorable George H. Wu, Matthew Haberkorn, individually, and as trustee of the M.H. Haberkorn 2006 Trust U/A Dtd. 10/27/2006, ("Mr. Haberkorn")[1] will move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing Mr. Haberkorn as lead plaintiff; and (2) approving Mr. Haberkorn's selection of Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Topaz") and Rosenthal, Monhait & Goddess, P.A. ("Rosenthal Monhait") as lead counsel. This Motion is made on the grounds that Mr. Haberkorn is the "most adequate plaintiff" pursuant to the PSLRA. In support of this Motion, Mr. Haberkorn submits herewith a Memorandum of Points and Authorities and the Declaration of Nichole Browning in Support of the Motion of Matthew Haberkorn for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel ("Browning Decl.").[2]

---

[1]    Mr. Haberkorn's individual losses are based on the account of his minor daughter over which Mr. Haberkorn is the custodian.

[2]    Pursuant to the PSLRA, any member of the putative class may seek appointment as lead plaintiff, whether or not they have previously filed a complaint. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). Because Mr. Haberkorn cannot determine the identity of other possible lead plaintiff movants in advance of the motions being filed, he respectfully requests leave from compliance with the pre-motion conference requirement set forth in L.R. 7-3.

MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-03852-GW (AGRx)

-1-

1978691.1

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      PRELIMINARY STATEMENT**

3         This is a securities class action lawsuit concerning Heckmann Corporation's

4   ("Heckmann" or the "Company") acquisition of China Water and Drinks, Inc. ("China

5   Water") which was completed on October 30, 2008 (the "Merger").  The action

6   asserts claims under §10(b), 15 U.S.C. §78j(b) and Rule 10b-5, 17 C.F.R. §240.10b-5,

7   on behalf of purchasers of Heckmann securities between May 20, 2008 and May 8,

8   2009, inclusive, (the "Class Period") and under §14(a), 15 U.S.C. §78n(a) and Rule

9   14a-9, 17 C.F.R. § 240.14a-9, on behalf of investors who held shares on September

10  15, 2008 and were entitled to vote on the Merger. [3]  Both claims are asserted against

11  Heckmann and certain of its officers and directors.

12        Having suffered losses totaling approximately $619,948 as a result of his

13  investments in Heckmann securities during the Class Period, and holding 313,600

14  shares (as of September 15, 2008) to be voted in the Merger, Mr. Haberkorn believes

15  he has suffered the largest financial loss of any movant seeking appointment as lead

16  plaintiff in this matter.  As the movant with the largest financial interest that otherwise

17  meets the applicable requirements of Rule 23 of the Federal Rules of Procedure

18  ("Rule 23"), Mr. Haberkorn should be appointed lead plaintiff. [4]   Further, in

19

20

21

---

22  [3]     A related securities class action lawsuit captioned *Gielata v. Heckmann, et al.,*
23  No. 1:10-cv-378 is currently pending in the District of Delaware.  The *Gielata* action
    and the above-captioned action assert differing class periods.  For purposes of this
24  motion, Mr. Haberkorn adopts the longest alleged class period (May 20, 2008 through
    May 8, 2009) to calculate his financial interest.  Defendants have filed an opposed
25  motion seeking to transfer the *Gielata* action to this District's Eastern Division.

26  [4]     *See* Browning Decl., Exhibit ("Ex.") A.

27

28  MOTION FOR LEAD PLAINTIFF APPOINTMENT
    No. 10-cv-03852-GW (AGRx)

                                        -2-

1978691.1

1    accordance with the PSLRA, Mr. Haberkorn's selection of lead counsel should be

2    approved. *See* §III.C, *infra*; *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002).[5]

3    **II.    SUMMARY OF THE ACTION**

4         Heckmann is a holding company organized under the laws of the State of

5    Delaware on May 29, 2007 as a "blank check" development stage company.  The

6    Company's business model is based on a strategy to acquire or acquire control of one

7    or more operating businesses through a business combination.  The Company

8    completed its initial public offering on November 16, 2007 for gross proceeds of

9    approximately $432.9 million.

10        In May 2008, the Company announced that it had agreed to acquire China

11   Water, a Nevada corporation engaged in the manufacture and distribution of bottled

12   water products in the People's Republic of China.  The acquisition was valued at

13   approximately $625 million in cash and stock.  On October 2, 2008, Heckmann issued

14   a proxy soliciting shareholder approval of the Merger.  Following the recommendation

15   of the Company's Board of Directors in the proxy, Heckmann's investors approved

16   the Merger at a special meeting of stockholders held on October 30, 2008.  The

17   Merger was consummated that same day.

18        The China Water acquisition was disastrous for Heckmann's investors.  On

19   May 8, 2009, the Company issued its second earnings release post-Merger and filed a

20   quarterly report on Form 10-Q with the SEC which contained disturbing revelations,

21   including a net loss of $186.2 million (or $1.69 per share).  The release also disclosed

22   a massive $184 million goodwill impairment charge related to the acquisition of China

23   Water and revealed "financial misconduct and the diversion of cash deposits by

24   former management of China Water."  In the wake of these disturbing revelations, the

25

---

26   [5]    Unless otherwise noted, all emphasis is added and internal citations are omitted.

27

28   MOTION FOR LEAD PLAINTIFF APPOINTMENT
     No. 10-cv-03852-GW (AGRx)

1978691.1

1   Company's stock price fell to as low as $3.38 on July 9, 2009, a decline of 53% from

2   the closing price of the stock when the Merger was approved in October 2008.  By the

3   end of 2009, China Water had been written down to approximately $21 million.  Thus,

4   within 14 months of urging stockholders to authorize the acquisition of China Water

5   for $625 million, the defendants had revised their valuation of that enterprise

6   downward by more than 96%.

7 **III.   ARGUMENT**

8       **A.     The PSLRA's Lead Plaintiff Provisions**

9       The PSLRA establishes the procedure for the appointment of a lead plaintiff in

10   "each private action arising under [the Securities Exchange Act of 1934 ("Exchange

11   Act")] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil

12   Procedure." 15 U.S.C. §78u-4(a)(1).  First, the plaintiff who files the initial action

13   must publish a notice to the class within twenty days, informing class members of

14   their right to file a motion for appointment as lead plaintiff.  *See* 15 U.S.C. §78u-

15   4(a)(3)(A)(i).  Here, in connection with the filing of the first-filed *Gielata* action,

16   notice was published on *PRNewswire* on May 6, 2010.  *See* Browning Decl., Ex. B.

17   Second, within sixty days of the publication of notice, any person who is a member of

18   the proposed class may apply to be appointed as lead plaintiff, whether or not they

19   have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

20       Third, the PSLRA provides that within ninety days after publication of notice,

21   courts shall consider any motion made by a class member and shall appoint as lead

22   plaintiff the member or members of the class that the court determines to be most

23   capable of adequately representing the interests of class members.  *See* 15 U.S.C.

24   §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides

25   that:

26

27

28 MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-03852-GW (AGRx)

-4-

1

2
　　　　[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

3

4
　　　　(aa)　has either filed the complaint or made a motion in response to a notice…;

5
　　　　(bb)　in the determination of the court, has the largest financial interest in the relief sought by the class; and

6
　　　　(cc)　otherwise satisfies the requirements of Rule 23.

7
15 U.S.C. §78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-30.

8
　　　　The time period in which class members may move to be appointed lead

9
plaintiff in this case expires July 6, 2010.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

10
Pursuant to the PSLRA's provisions, and within the requisite time frame after

11
publication of the required notice, Mr. Haberkorn timely moves this Court to be

12
appointed lead plaintiff on behalf of all members of the class. *See Tanne v. Autobytel,*

13
*Inc.*, 226 F.R.D. 659, 664 (C.D. Cal. 2005).  In addition, Mr. Haberkorn has selected

14
and retained counsel experienced in the prosecution of securities class actions to

15
represent him and the class.  *See* Browning Decl., Exs. D & E.  Accordingly, Mr.

16
Haberkorn satisfies the PSLRA's filing requirements and is entitled to have his

17
application for appointment as lead plaintiff considered by the Court.

18
　　　　**B.　　Mr. Haberkorn is the "Most Adequate Plaintiff"**

19
　　　　**1.　　Mr. Haberkorn Has the Largest Financial Interest in the Relief Sought by the Class**

20

21
　　　　Mr. Haberkorn lost approximately $619,948 in connection with his Class Period

22
purchases of Heckmann stock and held 313,600 shares (as of September 15, 2008)

23
entitled to be voted in the Merger.  *See* Browning Decl., Ex. C.  To the best of his

24
knowledge, this represents the largest financial interest in the relief sought by the

25
class. *See Cavanaugh*, 306 F.3d at 730-32; *Autobytel*, Inc., 226 F.R.D. at 666.

26

27

28
MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-03852-GW (AGRx)

-5-

1978691.1

### 2. Mr. Haberkorn Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Although Rule 23 consists of four requirements, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See Cavanaugh*, 306 F.3d at 730; *Autobytel, Inc.*, 226 F.R.D. at 666 ("'A wide ranging analysis is not appropriate' to determine whether [the movant] has made a prima facie showing that he satisfies the requirements of Rule 23, and 'should be left for consideration on a motion for class certification.'").

### a. Mr. Haberkorn is Typical

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The claims of the lead plaintiff, however, need not be identical to the claims of the class to satisfy typicality. *Id*.

Here, Mr. Haberkorn is typical because, just like all other class members asserting claims under the Exchange Act, he: (1) purchased or otherwise acquired Heckmann securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions;

MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-03852-GW (AGRx)

-6-

1978691.1

1   and (3) suffered damages when corrective disclosures removed the inflation caused by

2   the defendants' conduct causing the price of Heckmann's securities to fall. *See*

3   *Autobytel,* 226 F.R.D. at 667. Thus, Mr. Haberkorn's claims are typical of those of

4   other class members because his claims and the claims of other class members arise

5   out of the same course of events. *See* 7 Herbert Newberg & Alba Conte, Newberg on

6   Class Actions § 22.24, at 107-08 (4th ed. 2002) ("[t]he majority of class action

7   decisions support the view that when it is alleged that the same unlawful conduct was

8   directed at or affected both the named plaintiff and the class sought to be represented,

9   the typicality requirement is met").

10                    **b.     Mr. Haberkorn is Adequate**

11          The adequacy requirement is met when "(1) counsel for the class is qualified

12   and competent; and (2) the representative's interests are not antagonistic to the interest

13   of absent class members." *See Apple v. LJ Int'lnc.*, 2008 U.S. Dist. LEXIS 12618, at

14   *17 (C.D. Cal. 2008) (citing *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507,

15   512 (9th Cir. 1978)). Mr. Haberkorn satisfies both of these elements. First, as

16   explained below, Mr. Haberkorn has selected highly qualified firms with significant

17   experience prosecuting class action lawsuits under the federal securities laws to serve

18   as lead counsel for the class. *See* §III.C, *infra*. Second, there is no conflict between

19   Mr. Haberkorn and the class as both he and the class seek to recover losses caused by

20   the defendants' false and misleading statements.

21          **C.     The Court Should Approve Mr. Haberkorn's Selection of Counsel**

22          The party selected to serve as lead plaintiff "shall, subject to the approval of the

23   court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v);

24   *see Autobytel,* 226 F.R.D. at 667 (noting that "[a] court may disturb the lead plaintiff's

25   choice of counsel only if it appears necessary to 'protect the interests of the class'");

26   *LJ Int'l*, 2008 U.S. Dist. LEXIS 12618, at *17. Mr. Haberkorn has selected and

27

28   MOTION FOR LEAD PLAINTIFF APPOINTMENT
     No. 10-cv-03852-GW (AGRx)

1978691.1

1  retained Barroway Topaz and Rosenthal Monhait to serve as lead counsel for the

2  class.  Both firms have extensive experience in securities litigation and are well

3  qualified to represent the class.  *See* Browning Decl., Exs. D & E.

4  **III.    CONCLUSION**

5         For the foregoing reasons, Mr. Haberkorn respectfully requests that the Court:

6  (1) appoint him as lead plaintiff pursuant to the PSLRA; and (2) approve his selection

7  of Barroway Topaz and Rosenthal Monhait to serve as lead counsel for the class.

8  Dated:   July 6, 2010                    Respectfully submitted,

9

10                                          BARROWAY TOPAZ KESSLER
                                            MELTZER & CHECK, LLP

11                                          */s/ Nichole Browning*
                                            Ramzi Abadou

12                                          Nichole Browning
                                            Stacey Kaplan

13                                          Erik D. Peterson
                                            580 California Street, Suite 1750

14                                          San Francisco, CA 94104
                                            Telephone: (415) 400-3000

15                                          Facsimile: (415) 400-3001

16                                          -and-

17                                          Sean M. Handler
                                            Darren J. Check

18                                          Sharan Nirmul
                                            Naumon A. Amjed

19                                          280 King of Prussia Road
                                            Radnor, PA 19087

20                                          Telephone: (610) 667-7706
                                            Facsimile: (610) 667-7056

21

22                                          ROSENTHAL, MONHAIT &
                                            GODDESS, P.A.

23                                          Norman M. Monhait
                                            P. Bradford deLeeuw

24                                          919 N. Market Street, Suite 1401
                                            P.O. Box 1070

25                                          Wilmington, DE 19899
                                            Tel: (302) 656-4433

26                                          Fax: (302) 658-7567

27                                          [Proposed] Lead Counsel

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on July 6, 2010, I electronically filed the foregoing with the

3 Clerk of the Court using the CM/ECF system which will send notification of such

4 filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

5          I further certify that on July 6, 2010, I served the same document by U.S. Postal

6 service on the following, who is not a registered participant of the ECF system:

7

8

Robert W. Brownlie

DLA PIPER LLP

9
401 B Street, Suite 1700

San Diego, CA  92101

10

11          I certify under penalty of perjury under the laws of the United States of America

12 that the foregoing is true and correct.  Executed on July 6, 2010.

13

14
*/s/ Nichole Browning*

Nichole Browning

15 BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP

16 580 California Street, Suite 1750
San Francisco, CA  94104

17 Phone: (415) 400-3000
Fax: (415) 400-3001

18

19

20

21

22

23

24

25

26

27

28
MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-03852-GW (AGRx)

-9-

1978691.1

# Mailing Information for a Case 2:10-cv-03852-GW -AGR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John K Grant**
  jgrant@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Brian J Robbins**
  notice@robbinsumeda.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Shane P Sanders**
  ssanders@robbinsumeda.com

- **Craig Wallace Smith**
  csmith@robbinsumeda.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)